# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DWIGHT SUTTON     *

v.     *     Civil No. CCB-13-774

MARYLAND DIVISION OF CORRECTION, *
et al.
    *
*** 

## MEMORANDUM

Now pending before the court is the Maryland Division of Correction's and Warden Betty Johnson's motion to dismiss, or in the alternative, for summary judgment. (ECF No. 26.)[1] Plaintiff Dwight Sutton has responded. (ECF No. 34.)[2] An oral hearing in this matter is unnecessary. *See* Local R. 105.6 (D. Md. 2011). For the following reasons, the motion to dismiss, or in the alternative, for summary judgment—construed as a motion for summary judgment—will be granted.

## BACKGROUND

Sutton, a self-represented plaintiff, initiated these proceedings alleging that he was improperly denied work release status. (ECF Nos. 1 & 5.) The material facts are not in dispute. On October 25, 2012, Case Management Specialist Theresa Laviano completed case management assignment review. She noted that Sutton was eligible for work release but recommended against it based on his demeanor during the interview. During the interview, he displayed "incoherent reasoning that makes him a potential risk in the community." (ECF No. 26-2 at 4.)[3] Laviano also noted Sutton's subpar institutional work history. Assistant Warden Margaret Chippendale, the

---

[1] Defendants Mike Blumberg and T. Laviano have not been served with the complaint. For the following reasons, even if they were properly served with the complaint, it would be subject to dismissal.

[2] Sutton's motion for subpoenas (ECF No. 35) shall be denied. The records requested (Sutton's base file, work history, and adjustment history) are not necessary to the determination of the case.

[3] Sutton disputes that he poses a risk to the community. (ECF No. 34 at 6-7.)

Warden's designee, reviewed and approved the case management decision. (ECF No. 26-2 at 3.) Sutton has been released from confinement. (ECF No. 39.)

## ANALYSIS

### A. Maryland Division of Correction

Under the Eleventh Amendment to the United States Constitution, absent consent, a state, its agencies, and its departments are immune from federal suits brought by its citizens or the citizens of another state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived immunity under the Eleventh Amendment to suit in federal court. Thus, Sutton's complaint against the Maryland Division of Correction, an agency within the State of Maryland, is barred by the Eleventh Amendment.

### B. Work Release

In the prison context, there are two types of constitutionally protected liberty interests that may be created by state action. The first is created when there is a state-created entitlement to early release from incarceration. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987) (state-created liberty interest in parole); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (state-created liberty interest in "good-time credit"). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

It is well-established that prisoners do not have a constitutional right to access programs or to demand to be housed in a particular prison absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the

conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Following the reasoning of the Supreme Court in *Sandin*, no liberty interest is implicated in decisions relating to work release. *See Dominique v. Weld*, 73 F.3d 1156, 1160-61 (1st Cir. 1996); *Lee v. Governor, State of New York*, 87 F.3d 55, 58-59 (2d Cir. 1996); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669-70 (8th Cir. 1996). Similarly, prisoners do not have a constitutionally protected right to a particular job assignment. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

To the extent Sutton claims that written directives were not followed to the letter in reviewing his suitability for work release, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[4]

## CONCLUSION

For the above reasons, the motion to dismiss, or in the alternative, for summary judgment—construed as a motion for summary judgment—shall be granted. A separate order follows.

October 31, 2013　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] Indeed, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal due process claim, if "constitutional minima" are met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).